IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01322-MSK-KLM

RMC FULFILLMENT, INC., a Colorado corporation d/b/a GET A GRIP,

    Plaintiff,

v.

DENNIS MATTHEWS, a/k/a DENNIS MATTHEWS, JR., an individual,
JOHN SANDERS, an individual,
IVY VEURINK, an individual,
SANDERS ENTERPRISES IT MANAGEMENT CONSULTING, INC., a dissolved Colorado corporation, and
DOES 1 through 10, inclusive,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on an **Unopposed Motion for Entry of Permanent Injunction as to John Sanders and Sanders Enterprises IT Management Consulting, Inc.** [Docket No. 31; Filed April 22, 2010] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion has been referred to this Court for a recommendation.

**I.    Background**

This case arises from Defendant Sanders' employment at Plaintiff RMC Fulfillment, Inc. d/b/a Get a Grip. Plaintiff alleges that Sanders and his business, Sanders Enterprises IT Management Consulting, Inc. ("SEITMC"), developed a competing business using Plaintiff's confidential and proprietary customer information. Defendants allegedly contacted

1

and solicited Plaintiffs' customers. Plaintiff also alleges that Defendants unlawfully accessed RMC Fulfillment's computer server and, therefore, caused technical problems with the server.

Plaintiff has brought claims for a violation of the Computer Fraud and Abuse Act, misappropriation and theft of trade secrets, unfair competition, conspiracy, breach of contract, breach of fiduciary duty, interference with prospective economic advantage, defamation, and fraud. Plaintiff seeks compensatory and exemplary damages, injunctive relief, an accounting, and a constructive trust for the benefit of Plaintiff.[1]

## II. Analysis

### A. Jurisdiction

Fed. R. Civ. P. 65 sets forth the procedural requirements for injunctive relief. Rule 65 does not by itself confer subject matter jurisdiction, personal jurisdiction, or establish venue. 11A Wright, Miller, and Kane, Federal Practice and Procedure (2d ed.) § 2941, at 35. "[A]n independent basis for asserting federal question or diversity jurisdiction must be shown." *Id.* Rule 65 does not address jurisdictional issues, but instead assumes that the court already has jurisdiction and that venue is proper. *Id.*

Because federal courts are courts of limited jurisdiction, the Court must have a statutory basis for exercising jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The basis for subject matter jurisdiction here is that the case involves a federal question, 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims, 28 U.S.C. § 1367. Therefore, the Court has subject matter jurisdiction in this case.

---

[1] The Clerk has filed an entry of default against Defendants Matthews and Veurink. [Docket No. 22, 23].

A Court may have personal jurisdiction over a party in three ways: "consent by the parties, presence in the forum state, and actions by the [party] which affect people in the forum state." *Qwest Communications Int'l v. Thomas*, 52 F.Supp.2d 1200, 1204 (D. Colo. 1999). The parties do not dispute the facts supporting personal jurisdiction. Defendant SEITMC is a resident of Colorado. Defendant Sanders was a resident of Colorado during the times relevant to the complaint, and the conduct alleged in the complaint occurred in Colorado. In addition, venue lies in this judicial district pursuant to 28 U.S.C. § 1391(e) because the events or omissions out of which these claims arise occurred in this district. Thus, venue is proper in this district and the Court has personal jurisdiction over the parties.

B. Requirements for Permanent Injunction

Having concluded that the Court has jurisdiction to enter a permanent injunction, I examine whether the contents of the proposed injunction order [#31-1] comply with Fed. R. Civ. P. 65(d). Every order granting an injunction must (1) state the reason why it should be issued; (2) state its terms specifically; and (3) describe in reasonable detail the act or acts restrained or required. Fed. R. Civ. P. 65(d)(1)(A-C). The purpose of these requirements is to apprise the party enjoined of the conduct that is prohibited. *Citizen Band Potawatomi Indian Tribe of Okl. v. Okl. Tax Comm'n,* 969 F.2d 943, 946 (10th Cir. 1992) (citation and quotation omitted); *see also Consumers Gas & Oil v. Farmland Indus.*, 84 F.3d 367, 371 (10th Cir. 1996) (Rule 65(d) designed to prevent uncertainty and confusion on the part of the party that is subject to the injunctive order).

The permanent injunction order proposed by the parties provides sufficient detail and is in compliance with Rule 65(d). Defendants Sanders and SEITMC agree to not engage

in certain actions involving Plaintiff. The nature of those actions is clearly delineated in the proposed injunction order.  Defendants are on notice of the conduct that would be prohibited by the permanent injunction.  Moreover, the parties have agreed to the terms of the permanent injunction.

The parties have not explicitly stated why the injunction should be granted, but they do state that the injunction is part of a formal settlement agreement. I find that this statement is sufficient to satisfy Rule 65(d)'s requirement that the order on an injunction must state the reason for the injunction.  In addition, the Rule's requirements are not controlling where counsel agree on the language of the injunction order.  *American Angus Ass'n v. Sysco Corp.*, 829 F. Supp. 807, 815 (W.D.N.C. 1992); *see also Brumby Metals, Inc. v. Bargen*, 275 F.2d 46, 50 (7th Cir. 1960).

The parties have met all the requirements under Rule 65 and the Court has jurisdiction to impose a permanent junction.  Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion [#31] be **GRANTED**

IT IS FURTHER **RECOMMENDED** that the accompanying Permanent Injunction and Order be incorporated by reference and  that the Clerk accept for filing the Permanent Injunction and Order.

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) days after service of this Recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review

of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: April 30, 2010

                                                                BY THE COURT:

                                                                 _s/ Kristen L. Mix_____
                                                                 Kristen L. Mix
                                                                United States Magistrate Judge